# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. HAMILTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:20-CV-238 CDP |
| RICH JENNINGS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On February 19, 2020, the Court reviewed James H. Hamilton's *pro se* filing titled "Motion for Void Judgement," construing it as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 based on the relief sought in the motion. *See* ECF No. 4. Because the petition was not drafted on a court-provided form, the Court found it defective under Local Rule 2.06(A). The Court directed the Clerk to send petitioner a blank form and ordered petitioner to file an amended petition within thirty days. However, the Court also noted that court records indicate that petitioner has already filed two prior 28 U.S.C. § 2254 petitions with this Court based on the same state court case number at issue in his motion. As a result, the Court warned petitioner that before a second or successive petition can be filed in the district court, petitioner must first get an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the successive application.

In response to the Court's Order, petitioner filed a letter with the Court on March 2, 2020, asking the Court for an extension of time to refile his original motion on the form provided by the Court. ECF No. 5. Petitioner did not state how long of extension he was requesting nor did he state explicitly why he needed an extension. However, he did state that he "must get an order from

the Eighth Circuit Court of Appeals authorizing this Court to consider the successive application" in this case. *Id.* at 1.

To the extent that petitioner seeks to relitigate claims that he brought in a previously filed habeas corpus petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Because it is unclear at this time exactly what type of claims petitioner is attempting to assert, the Court will grant him an additional thirty days (from the initial deadline of March 20, 2020) to file an amended petition in this matter. Petitioner should clarify in that amended petition whether he has taken any steps, as to any of the claims asserted, to seek permission from the Eighth Circuit Court of Appeals for filing a successive application.

In addition, the Court noted in its previous Order that petitioner had neither paid the filing fee nor submitted a motion to proceed without prepaying fees or costs. *See* 28 U.S.C. § 1915(a). Petitioner must either pay the $5 filing fee or submit a motion to proceed *in forma pauperis* in order for this case to continue.

Accordingly,

**IT IS HEREBY ORDERED** that James H. Hamilton's motion for an extension of time [ECF No. 5] to filed an amended petition on the court-provided form is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition on the Court-provided form by **April 20, 2020**. Petitioner is advised that his amended petition will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that petitioner shall either pay the $5 filing fee or submit the "Motion to Proceed In Forma Pauperis and Affidavit in Support –Habeas Cases" by **April 20, 2020**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 12th day of March, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE