**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES H. HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-238 CDP |
| | ) | |
| RICH JENNINGS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented petitioner James H Hamilton's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 8. Petitioner also filed a motion for leave to commence this action without prepayment of the required filing fee. ECF No. 10. Based on the motion and financial information submitted in support, the Court finds that petitioner is unable to pay the filing fee in this matter. The motion to proceed without prepayment will be granted and the fee shall be waived. *See* 28 U.S.C. § 1915(a). Furthermore, because the Court finds that this § 2254 habeas petition is successive and petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition, the petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

On February 19, 2020, the Court reviewed James H. Hamilton's case-opening filing titled "Motion for Void Judgement," construing it as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, based on the relief sought. *See* ECF No. 4. Because the petition was not drafted on a court-provided form, the Court found it defective under Local Rule 2.06(A). The Court directed the Clerk to send petitioner a blank form and ordered petitioner to file an amended petition

within thirty (30) days. The Court also noted that court records indicated that petitioner had already filed two prior 28 U.S.C. § 2254 petitions with this Court based on the same state court case number at issue in his motion. As a result, the Court warned petitioner that before a second or successive petition can be filed in the district court, petitioner must first get an order from the Eighth Circuit Court of Appeals authorizing this Court to consider a successive application.

In response to the Court's Order, petitioner filed a letter with the Court on March 2, 2020, asking the Court for an extension of time to file his amended motion on the form provided by the Court. ECF No. 5. In that letter, petitioner stated that he "must get an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the successive application" in this case. *Id.* at 1. The Court granted petitioner an extension of time and petitioner filed his amended petition in a timely manner. ECF Nos. 7-8.

## Procedural Background

Petitioner files the instant § 2254 petition to challenge a 2006 conviction in Missouri state court. As previously summarized by this Court:

> On October 20, 2006, a jury found petitioner guilty of forcible rape in violation of § 566.030, Mo.Rev.Stat., forcible sodomy in violation of § 566.060, and kidnapping, in violation of § 565.110. The trial court sentenced petitioner as a prior offender to two concurrent terms of imprisonment of 20 years and one consecutive term of 5 years. On January 23, 2007, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. State v. Hamilton, 212 S.W.3d 171 (Mo. Ct. App. 2007).
>
> Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which the post-conviction court denied. On June 15, 2010, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. Hamilton v. State, 313 S.W.3d 707 (Mo. Ct. App. 2010).

*Hamilton v. Denney*, No. 4:10-CV-2083-CEJ, ECF No. 25, at 1 (E.D. Mo. order dated Oct. 18, 2013).

On November 1, 2010, petitioner filed his first § 2254 petition in this Court challenging his 2006 Missouri state court conviction. *Hamilton v. Denney*, No. 4:10-CV-2083-CEJ (E.D. Mo. Nov. 1, 2010). Petitioner raised five grounds for relief in that petition, including that the trial court erred in allowing improper argument by the prosecutor to the jury during closing, the trial court erred in allowing improper cross-examination of a witness by the prosecutor, and three alleged grounds of ineffective assistance of trial counsel. *Id.* at ECF No. 1. The Court denied the petition on October 18, 2013 and did not issue a certificate of appealability. *Id.* at ECF Nos. 25-26. Petitioner's appeal to the Eighth Circuit Court of Appeals was dismissed. *Id.* at ECF Nos. 32-34.

On December 2, 2013, petitioner filed a second § 2254 petition challenging the same 2006 Missouri state court conviction. *Hamilton v. Denney*, No. 4:13-CV-2437-CEJ (E.D. Mo. Dec. 2, 2013). In that case, petitioner raised a single ground for relief: that a prior state-court conviction was improperly used to enhance his 2006 sentence as a prior offender. *Id.* at ECF No 5. Because this ground was not raised in his first § 2254 petition, the Court found it to be a "new claim of constitutional error," challenging his state court conviction. *Id.* at ECF No. 6 at 3. However, petitioner had not obtained the required leave from the United States Court of Appeals for the Eighth Circuit for submitting a second or successive § 2254 petition raising new grounds. *See* 28 U.S.C. § 2244(b)(3)(A). As a result, the Court dismissed the petition without prejudice to petitioner filing his claim in the Court of Appeals. There is no indication in the court records that petitioner ever sought or obtained permission for a successive petition – concerning his 2006 conviction – from the Court of Appeals.

## Pending § 2254 Petition

In the § 2254 amended petition currently before the Court, petitioner raises six grounds for relief: (1) "false arrest," alleging petitioner was arrested "without the Constitutional warrant

3

requirements and lack of probable cause;" (2) "search and seizure," alleging warrantless search of his apartment on March 29, 2002; (3) "complaint filed / preliminary hearing," alleging that the court which held petitioner's preliminary probably cause hearing lacked jurisdiction over him in violation of his substantive due process rights; (4) "jurisdiction," alleging he "should have been in a district court not a circuit court;" (5) a challenge to the use of a prior conviction to enhance his 2006 sentence as a prior offender; and (6) an alleged due process violation by the state trial court in using a coerced confession. ECF No. 8 at 4-11. Petitioner asserts that he did not raise these grounds for relief earlier because he "did not know the law of the land at that time." *Id.* at 4, 6-7. Petitioner states that he currently has a pending case regarding "jurisdiction" in Missouri state court; however, the Court can find no such case on Missouri Case.net, the State of Missouri's online docketing system. *See id.* at 12 (citing Missouri case no. 1922-CC-11644).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

4

Here, it plainly appears that petitioner is not entitled to relief because his petition is successive. Petitioner raised the same arguments as ground (5) in his prior § 2254 petition, which he filed in this court in December 2013. *See Hamilton v. Denney*, No. 4:13-CV-2437-CEJ (E.D. Mo. Dec. 2, 2013). However, the other five grounds raised in the instant amended § 2254 petition do not appear to have been raised in either of petitioner's prior § 2254 filings. Although ground (5) was raised in a prior petition, it was never considered on the merits because that prior § 2254 petition was dismissed as successive. Therefore, all the grounds raised in the instant amended petition are essentially new claims for § 2254 review.

Regardless, this successive petition must be dismissed. To the extent petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Although petitioner mentions seeking Eighth Circuit leave to file a successive petition (ECF No. 5), there is no evidence in the record that petitioner has sought or received such relief. Because petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, the petition must be denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that James H. Hamilton's motion for leave to proceed in forma pauperis [ECF No. 10] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the amended petition for relief under 28 U.S.C. § 2254 is **DENIED and DISMISSED as successive**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of May, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE